# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARIA E. WINDHAM, as Receiver for MARQUIS PROPERTIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NATHANIEL ROBERT ALLEN, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER FOR ALTERNATIVE SERVICE**<br><br>Case No. 2:18-cv-00054-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff's *Ex Parte Motion for Service by Other Means* ("Motion"). In support of the Motion, Plaintiff submitted, in relevant part, a Declaration from David Gallup ("Gallup Declaration")[1] (ECF No. 116-1), Declaration of Whitney Hulet Krogue ("Krogue Declaration") (ECF No. 116-4), and Supplemental Ex Parte Motion for Service by Other Means ("Supp. Filing") (ECF No. 126) containing potential addresses and phone numbers associated with Ryan L. Farr ("Defendant"). Plaintiff asserts she has been unable to locate and serve the Defendant by traditional means despite good faith efforts and thus requests this court allow service on Mr. Brett Anderson ("Attorney Anderson"), who served as defense counsel for the Defendant in a state court action, case no. 161908988. For the reasons discussed below, the court will authorize Plaintiff to serve the complaint and summons using the alternative means as set forth in this Order.

---

[1] The court notes this document is the Utah State Court approved form for proof of service pursuant to Rule 4 of the Utah Rules of Civil Procedure and does contain the requisite language to qualify as a declaration pursuant to Utah Code Section 78B-5-705.

## DISCUSSION

The court may allow service of process as permitted by Utah law. *See* Fed. R. Civ. P. 4(e)(1). Utah law provides:

> If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.

Utah R. Civ. P. 4(d)(5)(A). "A determination of reasonable diligence thus properly focuses on the plaintiff's efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts ...." *Commonwealth Property Advocates, LLC., v. National City Mortgage, et al.,* 2010 WL 465843, *1 (D. Utah 2010) (citing to *Jackson Constr. Co., Inc. v. Marrs,* 100 P.3d 1211, 1215 (Utah 2004)). This "reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance." *Id.*

The Plaintiff has engaged in more than perfunctory performance in her attempt to identify a valid, active address for the Defendant. Plaintiff retained Icekey Investigations to locate and serve the Defendant. David Gallup, a Private Investigator with Icekey Investigations, conducted a search to locate a valid address for the Defendant but he was unable to locate an active, valid address. (ECF No. 126.) Mr. Gallup identified approximately thirteen (13) possible addresses for the Defendant but did not locate Defendant at those addresses or any person who was willing

to verify that the Defendant did reside at any of the addresses. *Id.* Mr. Gallup attempted to locate the Defendant by reaching out to prior employers and neighbors to no avail. (ECF No. 116-1.) Mr. Gallup also contacted the Defendant's father, Kal Farr, who claimed that he did not have his son's address and indicated he would not obtain authorization from his son to accept service on his behalf. *Id.* Kal Farr suggested his son was aware of this case and suggested Mr. Gallup contact Attorney Anderson. *Id.* In addition, Mr. Gallup left messages for the Defendant without receiving a return phone call. (ECF No. 126.)

Mrs. Krogue spoke with Attorney Anderson on May 23, 2018 and requested that he accept service on the Defendant's behalf. (ECF No. 116-4.) Attorney Anderson declined to accept service unless he received permission from the Defendant. *Id.* Mrs. Krogue has not received any confirmation from Attorney Anderson that he received permission. *Id.* Mrs. Krogue does not confirm for the court that Attorney Anderson had even been consulted by the Defendant about this matter. *Id.* The court does not support serving the summons and complaint on Attorney Anderson when he does not have authorization to accept service and when it is unclear to the court if he was even consulted by the Defendant about this pending action.

Despite this, Plaintiff did engage in reasonable diligent efforts to ascertain the Defendant's whereabouts to no avail and it appears the Defendant could be avoiding service. Therefore, good cause exits to permit service using alternative means.

**ORDER**

Consistent with Utah R. Civ. P. 4 when service by other means is warranted, "…the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action." Utah R. Civ. P. 4(d)(5)(B). "The court's order must specify the content of the process to be served and the event upon which service

is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court." *Id*. Therefore, Plaintiff shall serve a copy of the complaint, summons and this Memorandum Decision and Order, as follows:

1. Certified mail and regular mail to 6504 N. 10900 Highland, Utah, 84003 (which Mr. Gallup identified as the Defendant's father's address and a location where the Defendant recently resided).

After Plaintiff has complied with the foregoing and provided proof of service to the court, service shall be complete.

**IT IS SO ORDERED**

DATED this 6th day of July, 2018.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Court Magistrate Judge