## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARIA WINDHAM, as Receiver for MARQUIS PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NATHANIEL ROBERT ALLEN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR DEFAULT JUDGMENTS<br><br>Case No. 2:18-cv-00054-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court are three motions for entry of default judgment against defendants who have failed to answer the Receiver's complaint. [Docket 137, 140, 169]. The court ordered the Receiver to provide additional evidence and argument in support of its motions. Having reviewed the Receiver's response, the court addresses each motion for default judgment below.

## I.      JUDD SIMPSON

The court requested additional evidence regarding commission payments made to Judd Simpson and to provide argument as to why a default judgment would not be premature in light of *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (per curiam). In this opinion, the Tenth Circuit held that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Id.* (quoting 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2690 (1983).

The Receiver responded by providing copies of the checks and wire transfers supporting her claim to recover $21,000 in commission payments from Simpson. The evidence shows that

$20,000 was paid directly to Simpson as commissions for convincing individuals to invest in the Ponzi scheme at the heart of this case. Another $1,000 was paid to Pro Equity Homes, allegedly for the benefit of Simpson. The Receiver sued both Simpson and Pro Equity to recover these amounts, but only Simpson defaulted.

The Receiver argues that it can recover the $1,000 paid to Pro Equity from either Pro Equity or Simpson. By definition, this is joint liability. Under *Hunt*, therefore, the court may not enter a default as to the $1,000 payment until Pro Equity homes defaults or the claims against it have been resolved.[1] At this time, the Receiver may only obtain a default judgment against Simpson for the $20,000 in commission payments made directly to him.

The Receiver also requested an award of prejudgment interest in the amount of $2,956.40. But this interest is calculated from the full $21,000 in commission payments. The court ORDERS the Receiver to provide a prejudgment interest calculation based upon the $20,000 paid to Simpson within 14 days of this Order.

## II.     THE CHRISTENSEN DEFENDANTS

The Receiver seeks a default judgment against Brian Christensen and Renewable Rentals, LLC, which it refers to collectively as "the Christensen Defendants," in the amount of $32,800. [Docket 140.] The Receiver has provided further evidence showing that this amount is comprised of $12,800 paid to Christensen, $2,000 paid to Renewable Rentals, and $18,000 paid to Innovative

---

[1] The Receiver argues that the holding of *Hunt* should be confined to tort cases. But neither the plain language of *Hunt* nor the reason behind the rule—avoidance of inconsistent judgments— permits such a distinction. Whether the plaintiff asserts a common law fraud claim, as was the case in *Hunt*, or a statutory claim for fraudulent transfer, as is the case here, a default judgment for amounts claimed against two or more defendants must await the final resolution of the causes of action against the non-defaulting defendant or defendants.

Research, LLC. Christensen and Renewable Rentals defaulted in this action, but Innovative Research answered the complaint.

The Receiver argues that all of the payments were made for the benefit of Christensen, so he and Renewable Rentals should be held accountable for the full amount of these payments. For the same reasons stated above, however, the court may not enter a default judgment for the $18,000 paid to Innovative Research until the claims against it have been resolved. At this time, the court may only enter a default judgment against Christensen for the $12,800 paid directly to him and a default judgment jointly against Christensen and Renewable Rentals in the amount of $2,000.

The Receiver also requested $5,981.24 in prejudgment interest. But, once again, the Receiver calculated this interest based upon the full $32,800 it requested in its motion. The court ORDERS the Receiver to calculate separately the prejudgment interest for the $12,800 for which Christensen is liable and the $2,000 for which Christensen and Renewable Rentals is jointly liable.

## III.  RYAN FARR

Finally, the Receiver sought a default judgment against Ryan Farr for $41,500 in commission payments made to him. [Docket 169.] The court requested additional evidence supporting the motion for entry of a default judgment. In response, the Receiver produced evidence of $40,650 in commissions paid directly to Farr. The Receiver noted that she had accidentally included an amount paid to another defendant in her initial motion. Therefore, the Receiver is entitled to a default judgment for $40,650 in commissions.

The Receiver also requested $7,461.91 in prejudgment interest. But this amount is predicated upon the erroneous sum sought in the motion for a default judgment. The court ORDERS the Receiver to provide a prejudgment interest calculation based upon the $40,650 in commissions paid to Farr within 14 days of this Order.

**ORDER OF THE COURT**

The court GRANTS IN PART and DENIES IN PART the motions for entry of default judgments against Simpson [Docket 137], Christensen and Renewable Rentals [Docket 140], and Farr [Docket 169]. The court ORDERS the Receiver to provide prejudgment interest calculations for the amounts stated above. The Receiver shall respond by February 12, 2019.

Signed January 29, 2019.

BY THE COURT

Jill N. Parrish
United States District Court Judge